IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Charles Mbugua, ) | Case No. 1:23-cv-04842-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| James Clinton Carlin, *Individually and* ) | |
| *as Employee/Agent of Watt & Stewart* ) | |
| *Commodities Inc. and/or Watt &* ) | |
| *Stewart Trucking Inc.*; Watt & Stewart ) | |
| Commodities Inc.; Watt & Stewart ) | |
| Trucking Inc., ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on a motion for summary judgment filed by Defendants. [Doc. 31.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings.

This action concerns a vehicle accident (the "Accident") that occurred when Plaintiff's vehicle and a freight truck (the "Truck") collided. [Doc. 1-1.] Plaintiff, now proceeding pro se,[1] filed the action in the Aiken County Court of Common Pleas on August 28, 2023. [*Id.*] Defendants removed the action to this Court on September 28, 2023. [Doc. 1.] Defendants filed a motion for summary judgment on October 21, 2024. [Doc. 31.] On November 25 and December 2, 2024, Plaintiff filed a response opposing the motion and Defendants filed a reply. [Docs. 39; 42.] On March 25, 2025, the

---

[1] Plaintiff was represented by counsel when he filed this action [Doc. 1-1 at 2, 8], but on September 3, 2024, this Court granted a motion allowing Plaintiff's attorney to withdraw from the case [Doc. 20; *see* Doc. 19], and Plaintiff has since proceeded without counsel [Doc. 22].

Magistrate Judge issued a Report and Recommendation ("Report") recommending that Defendants' summary judgment motion be granted because Plaintiff failed to forecast admissible evidence sufficient to create a reasonable inference that Defendants were responsible for the Accident. [Doc. 45.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 10.] On April 10 and 24, Plaintiff filed objections to the Report and Defendants filed a reply. [Docs. 48; 49.] The motion is now ripe for review.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)). Although "objections need not be novel to be sufficiently specific," *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023), "a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection," *Martin v.*

*Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (internal quotation marks omitted); *see Regassa v. Warden of FCI Williamsburg*, No. 8:22-cv-466-SAL, 2023 WL 2386515, at *2 (D.S.C. Mar. 7, 2023) (concluding an objection was non-specific because the petitioner "ignore[d] the magistrate judge's analysis and repeat[ed] the arguments he made in his opposition brief"); *Velez v. Williams*, No. 9:19-cv-03022-JMC, 2021 WL 837481, at *5 (D.S.C. Mar. 5, 2021) (reviewing for clear error only when the petitioner's objections were "rehashed, general, and non-specific"), *appeal dismissed*, 2021 WL 5879177 (4th Cir. Dec. 13, 2021). "Even so, when confronted with the objection of a pro se litigant, [courts] must also be mindful of [their] responsibility to construe pro se filings liberally." *Martin*, 858 F.3d at 245.

## DISCUSSION

The Court concludes that Plaintiff's objections, liberally construed, fail to address the Report's findings and recommendations. Other than re-stating his factual allegations and the arguments he made before the Magistrate Judge in opposing Defendants' motion for summary judgment and generally expressing disagreement with the Magistrate Judge's conclusions, Plaintiff has failed to address any of the substantive analysis and recommendations in the Report.[2]

---

[2] Plaintiff makes reference in his brief to two photographs that he contends are pictures of his vehicle following the accident, and he asserts that the photographs and the nature of his injuries support a reasonable inference that the truck he collided with caused the accident that is the subject of this lawsuit. [Doc. 48 at 4–5.] These photographs, which are unverified and unauthenticated by sworn testimony, cannot be considered by the Court on a motion for summary judgment. *See* Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be amissible in evidence."). Even if the photographs were admissible evidence, they would not give rise to a reasonable inference that the collision occurred in Plaintiff's lane rather than in the Truck's such that a question of fact would exist as to whether Defendants caused the Accident. Similarly, Plaintiff makes reference to a Progressive Insurance accident report and a document showing that his traffic ticket was nolle prossed. [Doc. 48 at 3; *see* Doc. 48-2.] These exhibits were not part of the summary

Nevertheless, out of an abundance of caution for a pro se party, the Court has conducted a de novo review of the Report, the record, and the applicable law. Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, Defendants' summary judgment motion [Doc 31] is GRANTED.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>United States District Judge

June 18, 2025
Columbia, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

judgment record and are presented for the first time as attachments to Plaintiff's objections to the Report [*see* Docs. 45 at 7 n.6; 48-2], which is procedurally improper. See *Brooker v. INVISTA S.á.r.l. LLC*, No. 3:17-148-TLW, 2019 WL 1427316, at *1 (D.S.C. Mar. 29, 2019). In any event, even if the Court were to ignore the procedural impropriety of presenting the documents for the first time as attachments to objections, neither document creates a reasonable inference that the driver of the Truck was at fault in the accident. As for the accident report in particular, it does not explain what factual information was the basis for the conclusion or what reasoning supported the conclusion. It is therefore unclear what use it would be even to a jury. *Cf. United States v. MacDonald*, 688 F.2d 224, 230 (4th Cir. 1982) (affirming exclusion of report where the proponent of the report had not shown that its admission would have assisted the jury). Finally, to the extent that Plaintiff argues that the Magistrate Judge erred in failing to draw inferences in his favor as the non-moving party, the Court concludes, for the reasons explained in the Report, that the Magistrate Judge properly considered the summary judgment record in the light most favorable to Plaintiff.